372        COURT OF APPEALS OF WEST VIRGINIA.

Jan'y Term,        B. and O. R. R. vs. City of Wheeling.        1869.

# Wheeling.

## THE 'BALTIMORE AND OHIO R. R. Co. vs. THE CITY OF WHEELING.

### January Term, 1869.

1. A case confirming the principles of taxation of the B. & O. R. R. Co., decided in case of that company vs. the Supervisors of Marshall county.

2. It not being claimed or appearing in the record that the net income of the B. & O. R. R. company on the capital invested, exceeded *six per centum per annum* for the year 1855, when the taxes in this cause were assessed, the order of the court below dissolving an injunction granted to said company to restrain the collection of taxes assessed on its property by the appellee for that year, was erroneous.

The material questions arising in this cause are stated in the opinion of the judge who delivered it.

*G. H. Lee* for the appellant.

*N. Richardson* for the appellee.

MAXWELL, J.    This was a case in the circuit court of Ohio county in which appellants filed a bill of injunction to restrain the city of Wheeling from the collection of certain taxes levied upon the property of the Baltimore and Ohio railroad company, for city purposes, for the year 1855. The original bill and the amended bill, which was filed while the case was pending, claim, among other things, that the railroad company constructed its road from Cumberland, in Maryland, to the city of Wheeling, under the act of March 6, 1847, which act provides "that the stock,

property and profits of said company, so far as the same may be or accrue within this commonwealth, shall be subject to general taxation in like manner and on the same footing with other similar companies within this State. *Provided, however,* That the said taxing power shall not be exercised until and unless the net income of the said Baltimore and Ohio railroad shall exceed six per centum per annum on the capital invested."

The bill and amended bill further charge that, part of the property on which the taxes were charged belonged to and was assessed with taxes in the names of J. M. Bushfield and Joseph Caldwell. It is also charged that, "at no time since the passage of said act of March 6, 1847, has the net income of the Baltimore and Ohio railroad been as much as six per centum per annum upon the property of your orator invested therein."

The city of Wheeling answered the bill and amended bill and admitted that the property alleged to belong to Joseph Caldwell in fact belonged to the said Caldwell, and was charged to the company through mistake of which it had before notified the said company. The answer does not aver or charge that the net income of the Baltimore and Ohio railroad had at any time after the passage of the said act of March 6, 1847, exceeded six per centum per annum on the capital invested.

The case came on to be heard on the 9th day of July, 1857, on the bill, amended bill and answer, on a motion to dissolve the injunction, when the court made an order dissolving the injunction except as to the taxes levied on the property alleged and admitted to belong to Caldwell, and it is from this order an appeal has been allowed to this court. The appellant here claims that the property of the company was not liable to the taxes levied because the net income of the railroad did not in the year 1855, for which year the taxes were levied, exceed six per centum per annum upon the capital invested in said road.

The appellee claims that the exemption from taxation under the act of March 6, 1847, is an exemption from *general*

*taxation*, in which exemption is only included taxation for State purposes, and not for county, municipal or other local purposes."

In the case of the *Baltimore and Ohio R. R. Co.* vs. *The Supervisors of Marshall County,* decided at the present term of this court, it was held that the term "general taxation" includes taxation for State, county or other local taxation. If it were otherwise the act of 1847 would not supersede, on the subject of taxation, the 18th section of the original charter. The 18th section of the original charter provides that "the shares of the capital stock of the said company shall be deemed and considered personal estate, and shall be exempt from the imposition of any tax or burthen by the States assenting to this law."

This provision has been held in the State of Maryland to exempt all the property of the company of every description from taxation. If this construction should prevail and the counsel for the appellee is right in the position he takes as to the application of the exemption in the act of 1847, then the property of the company would be exempt from taxation under this provision in the original charter.

But I am quite clear that the original charter on the subject of taxation is wholly superseded by the act of 1847, and that the property of the railroad company is exempt from taxation under the said act of 1847, "until and unless the net income of the said Baltimore and Ohio railroad shall exceed six per centum per annum on the capital invested."

And as there is no pretention whatever that the net income of the said road did exceed the amount specified for the year 1855, the year for which the taxes were levied, or for any other year prior thereto and subsequent to the passage of the act of 1847, the property of the company was not liable to taxation at the time the taxes in dispute in this controversy were assessed upon it. The injunction was therefore improperly dissolved. The order dissolving the injunction will have to be reversed, with costs to the appellant, the injunction reinstated and the cause remanded to

the circuit court of Ohio county for further proceedings to be had therein, and if the said cause shall remain upon final hearing substantially as it appears in the record here, with directions to the said court to perpetuate the said injunction.     *Walker* vs. *Hunt*, 2 W. Va. Rep., 495; *Gray* vs. *Overstreet, &c.*, 7 Grat., 346.

The other judges concurred.

DECREE REVERSED.